## C. B. HOFGAARD & COMPANY, LIMITED, A CORPORATION, *v.* THOMAS L. SMITH AND MARY J. RODRIGUES.

### No. 1869.

Argued February 11, 1929.　　　Decided March 7, 1929.

Perry, C. J., Banks and Parsons, JJ.

### OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit against a contractor for the price of lumber and other materials furnished to him by the plaintiff, an Hawaiian corporation, to be used, and which were used, in the construction of a dwelling house for the second defendant, Mary J. Rodrigues. The plaintiff seeks by this action not only to obtain judgment against the contractor but also to enforce a material man's lien against the building and the land. The contractor is not appealing from the judgment rendered against him. The trial judge sustained a demurrer by the defendant Mary J. Rodrigues to the plaintiff's declaration and gave judgment in her favor and against the plaintiff on the subject of the lien. The plaintiff brings a bill of exceptions to review the ruling and the judgment in this respect.

The allegations of the declaration, in so far as they are material to the subject of the lien, are: that the defendant Rodrigues "is the owner of the full equitable title to Lot 67 of the Kapaa Town Lots, Second Series, situated in Kawaihau District, on the Island of Kauai * * * as shown on government survey registered map No. 2450," and more particularly described by metes and bounds which are set forth; that "she is entitled thereto under and by virtue of Special Sale Agreement No. 961, dated the 18th day of October, A. D. 1924, executed by the commissioner of public lands of the Territory of Hawaii, Honorable C. T. Bailey, with the consent of the governor of Hawaii, Honorable W. R. Farrington, and under and by virtue of transfers of the interest of the purchaser therein named to her, all as more fully set forth in the 'notice of lien' " which is attached to and made a part of the declaration; that the defendant Rodrigues has "made all payments required under and performed all conditions of said Special Sale Agreement No. 961," and is "entitled to the immediate issuance of land patent, or grant, for said Lot 67;" that the Territory "now holds the naked legal title to said Lot 67 and the premises above described, in trust for" the defendant Rodrigues; that "the ownership of said Lot 67 and premises above described was the same on March 26th, 1928," being the date of the completion of the building in which the materials were used, "and from said date up to the present time as such ownership is hereinabove alleged;" that the defendant Smith, the contractor, entered into a contract with the defendant Rodrigues whereby he agreed to provide all the materials and labor and to erect for her a certain dwelling house upon the land described; that the defendant Smith fully performed his contract and completed the building according to its terms on March 26, 1928; that the plaintiff, at the request

of the contractor, furnished certain building materials for the construction of the dwelling house; that the contractor did not pay for the materials and that the sum of $682.83 remains due and unpaid for the same; that "the whole of the land above described is required for the convenient use and occupation of said dwelling house;" and that the plaintiff has taken all of the steps required by law to claim and perfect a lien under the statute for the amount due for the materials so furnished. The written "notice of lien" filed by the plaintiff on April 19, 1928, prior to the commencement of this action, contains the following: that the plaintiff "claims a lien on certain property belonging to the Territory of Hawaii and agreed by the commissioner of public lands * * * with the consent of the governor * * * by a Special Sale Agreement No. 961, dated the 18th day of October, A. D. 1924, to be sold to C. G. Kuhlmann and in which said Mary J. Rodrigues has an interest by virtue of the transfer of his interest therein by said C. G. Kuhlmann to Agnes Scharsch Fernandez and the subsequent transfer of her interest therein by the latter to said Mary J. Rodrigues, said transfers having been duly approved by the commissioner of public lands * * * and the governor."

The demurrer is upon the ground that the declaration "does not state facts sufficient to constitute a cause of action and that it does not allege that the defendant has any legal interest in the building and land therein described." No other ground of demurrer is set forth. The contention in support of the demurrer is that it appears from the declaration that the interest of Mary J. Rodrigues in the land is purely equitable and that the legal title is in the Territory and that an equitable interest cannot be the subject of a lien.

The provision of our statute (Sec. 2891, R. L. 1925) is that "any person * * * furnishing labor or material

to be used in the construction * * * of any building * * * shall have a lien for the price agreed to be paid for such labor or material (if it shall not exceed the value thereof) upon such building * * * as well as upon the interest of the owner of such building * * * in the land upon which the same is situated." The language of the statute does not expressly limit the remedy to legal titles. It is broad enough to include equitable interests. The provision is that the material man may have a lien upon the building and upon the interest of the owner of the building in the land. The allegation of the declaration, which must upon demurrer be taken to be true, is that the defendant is the owner of "the full equitable title;" that she holds an agreement of sale of the property; that she has performed all that by the agreement is required of her to be performed; that she is entitled to the immediate issuance of a patent; and that the Territory now holds the naked legal title in trust for her. A clearer case of a complete beneficial, equitable interest in the land could scarcely be imagined. To allow a beneficial owner thus situated to escape payment for the materials which went into the construction of her dwelling house would seem to be in violation of the purposes and the broad language of the statute. Under the allegations the Territory is the owner in name only and Mary J. Rodrigues is in reality the true owner.

There need be no difficulty in the enforcement in this action of the lien against the defendant's equitable interest. The statute on liens itself expressly provides that "judgment upon such proceedings shall be as in ordinary cases and may be enforced by execution as allowed by law." Section 2895, R. L. 1925. At an execution sale an equitable interest may be sold and conveyed as effectually as a legal interest. Whatever doubt might otherwise exist as to the power of a court of law to seize

or sell an equitable interest is removed by the express provision of this statute.

Whether there is anything in the nature of the transaction between the Territory and Kuhlmann, or between the Territory and the substituted purchaser Mary J. Rodrigues, which will nullify or terminate the purchaser's right to purchase because of the enforcement or attempted enforcement of the lien, need not and cannot be now determined. A copy of the agreement is not made a part of the declaration and its terms have not been stated in the declaration. After the agreement is introduced in evidence the court will be in a position to decide any such questions that may be raised. If it shall appear that in view of the nature of the agreement and of the provisions of the law applicable thereto aliens or corporations cannot be purchasers under the execution the sale can be conducted with those limitations and with that understanding, so as not to violate the statute. The plaintiff is not in this action claiming as a purchaser. He is merely asserting the right given him by statute to have the defendant's interest sold on execution so as to satisfy the amount of his monetary claim.

The judgment entered in favor of Mary J. Rodriques is set aside and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*P. L. Rice* (also on the briefs) for plaintiff.

*L. A. Dickey* (also on the brief) for Mary J. Rodrigues, one of the defendants.